UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KATHERINE BROOKS,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,

    Defendant.
_____/

Case No. 5:25-cv-00278

**COMPLAINT**

Plaintiff KATHERINE BROOKS ("Plaintiff"), by and through the undersigned, complains as to the conduct of FINANCIAL RECOVERY SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act, ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Florida Statue § 559.55 *et seq.*, for Defendant's unlawful conduct.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated

with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

7. Plaintiff is a natural person over 18 years of age and, at all times relevant, resided within the Middle District of Florida.

8. Defendant is a third-party debt collector. Defendant attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from

consumers across the country, including those in the state of Florida. Defendant's principal place of business located at One Pierce Pl Suite 700W, Itasca, Illinois 60143.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

10. Prior to events giving rise to this action, Claimant obtained a line of credit from Easy Cash Loans.

11. At all times relevant, Claimant's number ending in 6286 was assigned to a cellular telephone service.

12. At all times relevant, Claimant was financially responsible for her cellular telephone equipment and services.

13. Due to financial hardship, Claimant was unable to sustain timely monthly payments to Respondent, incurring a debt of approximately $1,260.85 ("subject debt").

14. In November 2024, Respondent began placing persistent and intrusive pre-recorded collection calls to Claimant's cellular telephone number (352) XXX-6286, attempting to collect on the subject debt.

15. In April 2025, after receiving a collection call, Claimant spoke with Respondent and explicitly communicated to cease calls.

16. Despite Claimant's request to cease its collection calls, Respondent continued its relentless pursuit, causing significant distress and disruption to Claimant's daily life and workflow.

17. Respondent placed its harassing collections calls to Claimant from the phone numbers (321) 425-1078. Upon information and belief, Respondent used pre-recorded messages and additional numbers to contact Claimant's cellular phone.

18. Respondent placed numerous collection calls to Claimant's cellular phone using a pre-recorded message.

19. Respondent intentionally harassed and abused Claimant on numerous occasions by calling her phone with such frequency as can be reasonably be expected to harass.

20. Despite Claimant notifying Respondent that its collection calls are unwelcome, Respondent continued to place excessive calls to Claimant's cellular phone using a pre-recorded message.

21. From November 2024 through the present, Respondent received numerous amounts of pre-recorded calls from Respondent.

22. Frustrated over Respondent's conduct, Claimant spoke with the undersigned counsel regarding her rights, regarding the harassing attacks and unfair practices by Respondent.

23. Respondent's actions have caused severe emotional distress due to the aggressive and threatening behavior of Respondent and the constant harassment Claimant was required to endure.

24. Respondent's phone harassment campaign and illegal collection activities have caused Claimant actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Claimant's cellular telephone capacity, wasting Claimant's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Claimant's voicemail capacity, the wear and tear caused her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. Concerned about the violations of her rights and invasion of her privacy, Claimant sought the assistance of counsel to permanently cease Respondent's unfair practice.

### COUNT I– VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party)

using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

28. Respondent placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Claimant's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Claimant's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29. As pled above, Respondent utilized an artificial or pre-recorded voice when contacting Claimant on her cellular telephone.

30. Upon information and belief, based on the lack of prompt human response during the phone calls in which Claimant answered, and the pre-recorded messages used by Respondent, Respondent used pre-recorded voice technology to place calls to Claimant's cellular phone.

31. Upon information and belief, the pre-recorded voice technology employed by Respondent play a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

32. As pled above, Claimant never provided her cellular phone numbers to Respondent and therefore Respondent never had consent to place calls to Claimant's cellular phone numbers.

33. As pled above, Claimant was severely harmed by Respondent's unauthorized calls to her cellular phone using pre-recorded voice technology.

34. Upon information and belief, Respondent has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

35. Upon information and belief, Respondent has no policies and procedures in place to honor cease-call requests made by consumers.

36. Upon information and belief, Respondent knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

37. Upon information and belief, Respondent knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

38. As a result of Respondent's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Claimant is entitled to receive $500.00 in damages for each violation.

39. As a result of Respondent's knowing and willful violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Claimant is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, KATHERINE BROOKS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. An order finding that Respondent violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    b.    An award of $500.00 in damages to Claimant;

    c.    An award of treble damages up to $1,500.00 to Claimant; and

    d.    An award of such other relief as this Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40.    All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

41.    Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

42.    The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43.    Defendant is a "debt collector" as defined by § 1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent financing accounts allegedly owed to a third party.

44.    Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

45.    Defendant used the phone calls to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

46. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

47. Defendant violated 15 U.S.C. §§ 1692c(a)(1),d, d(5) and f through its unlawful debt collection practices.

    **a.    Violations of FDCPA § 1692c**

48. Defendant violated § 1692c(a)(1) when it continuously called Plaintiff after being notified to cease cell phone communications and to only contact her via written correspondence. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

49. Furthermore, Defendant has relentlessly called Plaintiff on multiple occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

50. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    **b.    Violations of FDCPA § 1692d**

51. Defendant violated § 1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate

payment on the subject debt. Moreover, Defendant continued placing the multiple calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

52. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed multiple harassing phone calls to Plaintiff's cellular phone without Plaintiff's prior consent.

    c.    **Violations of FDCPA § 1692f**

53. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly placed numerous occasions by calling multiple times in one day, with such frequency as can be reasonably expected to harass.

54. Moreover, Defendant had been told by Plaintiff to stop calling her multiple times. Nevertheless, it persisted with its phone call campaign in contacting her and knew that its conduct was inconvenient and harassing to Plaintiff.

55. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt. violation.

**WHEREFORE**, Plaintiff, KATHERINE BROOKS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declare that the practices complained of herein are unlawful and violate

the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

56. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Claimant is a "consumer" as defined by Fla. Stat. § 559.55(8).

58. Respondent is a "consumer collection agency" as defined by Fla. Stat. § 559.55(7).

59. Respondent's collection calls to Claimants were "communication[s]" as defined by Fla. Stat. § 559.55(2).

60. The FCCPA, pursuant to Fla. Stat. § 559.55(7), declares in unlawful for a person collecting consumer debts to "[w]illfully communicate with the debtor or any

member of her or her family with such frequency as can reasonably be expected to harass the debtor or her or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or her family."

61. Respondent violated Fla. Stat. § 559.72(7) by continuously calling Claimant after Claimant requested that the calls cease during multiple calls. Respondent was specifically notified by Claimant to stop contacting her, but it refused to do so. Any consent Claimant may have given to Respondent was explicitly revoked by her demands that Respondent cease contacting her. However, Respondent purposefully ignored Claimant's prompts and placed more than a dozen phone calls to Claimant's cellular phone after her cease-and-desist requests.

62. Respondent conducts the above-described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every phone call uses some of the phone owner's time and mental energy, both of which are precious.

63. Respondent's conduct constitutes deceptive and unfair conduct. Despite the clearly unlawful nature of Respondent's conduct and Claimant's demands to stop such conduct, Respondent nevertheless persisted in its contacts attempts towards Claimant as part of its overarching deceptive and fraudulent scheme of harassing consumers through repeated phone calls despite the absence of lawful ability to place such calls.

64. In addition to inhibiting Claimant's time and energy, Claimant has suffered damages as a result of Respondent's unlawful conduct. Claimant is entitled to relief pursuant to Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff, KATHERINE BROOKS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. a judgment in Claimant's favor for Respondent's violations of the FCCPA;

b. an award of actual damages sustained by Claimant as a result of Respondent's violations of the FCCPA;

c. an award of statutory damages in the amount of $1,000.00;

d. an award of reasonable attorney's fees and costs; and

e. any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 29, 2025                                                  Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com